**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **BETH OBERLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 2:26-00329-KD-N** |
| | ) | |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the Motion for Leave to Amend Complaint filed by Plaintiff Beth Oberle (doc. 4) and the consent Motion for Extension to Response Deadline filed by Defendant Liberty Mutual Insurance Company (doc. 5). Upon consideration, and for the reasons set forth herein, the Motions are GRANTED.

Plaintiff Oberle seeks leave to amend the complaint to name the proper defendant – Liberty Mutual Personal Insurance Company – and to drop Defendant Liberty Mutual Insurance Company (doc. 4, doc. 4-1, Proposed First Amended Complaint). Defendant moves to extend the deadline to respond to Oberle's original complaint "to allow the Court time to rule on Plaintiff's Motion for Leave to Amend Complaint so that the proper Liberty Defendant can respond to the operative Amended Complaint" (doc. 5). Also, Defendant "does not oppose Plaintiff's Motion." (Id.).

At this stage of the litigation, Oberle may amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when

deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014).

Although not specifically "the opposing party's written consent", see Fed. R. Civ. P. 15(a)(2), Defendant Liberty states in writing that it does not oppose Oberle's motion (doc. 5, p. 1). Also, this action is in the earliest stage, and the docket does not indicate that Oberle engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies.

Since Defendant has, in effect, consented to the amendment and the Court has not ascertained any substantial reason to deny Oberle's Motion, the interests of justice indicate that it should be granted. See Pinnacle Advertising & Marketing Group, Inc. v. Pinnacle Advertising & Marketing Group, LLC, 7 F.4th 989, 1000 (11th Cir. 2021) ("While allowing an amendment is a discretional decision, we have explained that district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute.").

For the reasons set forth herein, the Motion is GRANTED. Accordingly, Oberle shall file her First Amended Complaint on or before **September 9, 2026**. Although the Court expects that Liberty Mutual Insurance Company will be dropped from this action, any answer or other response by Defendant Liberty Mutual Insurance Company shall be filed on or before **September18, 2026**. The time for the newly added Defendant – Liberty Mutual Personal Insurance Company – "to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading." See S.D. Ala. Civ. L.R. 15(c); Fed. R. Civ. P. 12(a)(1)(A).

DONE and ORDERED this the 27th day of August 2026.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE